Citation Nr: 1629296 
Decision Date: 07/22/16 Archive Date: 08/01/16

DOCKET NO. 15-09 826 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Roanoke, Virginia


THE ISSUES

1. Entitlement to service connection for an eye disability, to include macular degeneration. 

2. Entitlement to a rating in excess of 30 percent for a left hip prosthesis during the period from December 21, 1998 to December 19, 2001; entitlement to a rating in excess of 70 percent from December 20, 2001 to August 5, 2002; entitlement to a rating in excess of 30 percent from December 1, 2003 and October 24, 2007; and entitlement to a rating in excess of 70 percent from October 25, 2007 to the present.

3. Entitlement to a rating in excess of 40 percent for neurological manifestations associated with a left hip prosthesis during the period from December 21, 1998 to September 21, 2004; and to a rating in excess of 60 percent since September 22, 2004.

4. Entitlement to special monthly compensation (SMC) at the housebound rate prior to May 16, 2014. 

5. Entitlement to SMC based on the need for the regular aid and attendance of another person.


REPRESENTATION

Veteran represented by: Daniel G. Krasnegor, Attorney


ATTORNEY FOR THE BOARD

J. Ivey-Crickenberger, Associate Counsel 


INTRODUCTION

The Veteran served on active duty in the United States Army from October 1945 to December 1946. These matters are before the Board on appeal from the Roanoke, Virginia Department of Veterans Affairs (VA) Regional Office (RO). 

The Board granted service connection for the residuals of a left femur fracture to include a total left hip replacement in a November 2010 decision. In a March 2011 rating decision, the RO implemented the Board's grant of service connection for the residuals of a femur fracture and the Veteran thereafter filed an appeal regarding both the ratings and the corresponding effective dates for the ratings the RO assigned. In a January 2012 rating decision, the RO granted a separate rating for the neurologic manifestations of the left hip disability to include left lower extremity peripheral neuropathy and left foot drop. Although the Veteran did not file a notice of disagreement for this rating decision, the issue is before the Board as part of the Veteran's claim for an increased rating for the residuals of the left femur fracture.

The claim for service connection for macular degeneration was denied in an April 2014 rating decision of the Roanoke RO and the Veteran perfected his appeal. 

The claim for special monthly compensation (SMC) at the housebound or aid and attendance rates was originally denied in an April 2014 rating decision; the Veteran thereafter perfected his appeal. The RO granted entitlement to SMC at the housebound rate in a January 2016 rating decision, effective May 16, 2014. However, the issues of entitlement to SMC at the aid and attendance rate as well as an earlier effective date for the grant of SMC at the housebound rate are before the Board.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2015). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.

(The issue of the propriety of a reduction in the evaluation of bilateral hearing loss is the subject of a separate Board decision). 


REMAND

Macular Degeneration

The Veteran contends he has an eye disability due to active service, to include macular degeneration. He has been diagnosed with macular degeneration. His private optometrist, Dr. J.P. prepared a letter dated April 2014 on the Veteran's behalf. In it, he notes that the Veteran worked as an electric welding instructor while in the Army that exposed him to bright lights from welding. Dr. J.P. goes on to note that there are studies demonstrating that welding contributes to macular degeneration. He further notes that is possible that the in-service welding caused or aggravated the Veteran's eye condition. The Veteran was afforded a VA eye disease examination in May 2015. The examiner stated that the Veteran's condition was less likely than not caused by welding in service. In support of this conclusion, the examiner stated that macular degeneration is an age-related disease that can be hastened by poor diet and smoking. 

The Veteran's attorney contends that the May 2015 examiner failed to provide adequate rationale for his conclusion that the Veteran's macular degeneration was age-related. See October 2015 correspondence. The attorney further argued that the Veteran began having vision problems in 1946; the Veteran's attorney suggests this may have represented maculopathy due to in-service welding. The Board agrees that the VA examination report is not adequate and this issue must be remanded for additional development. On remand, the RO should request an expert medical advisory opinion from an appropriate medical specialist. Updated records VA treatment records and any pertinent missing private treatment notes should be obtained. 

Residuals of Left Femur Fracture Including Left Hip Prosthesis, etc.

The Veteran was previously granted service connection for the residuals of a left femur fracture including a total left hip prosthesis. The Veteran is seeking higher evaluations for the left hip prosthesis and its neurological manifestations. The Board observes that the Veteran's left hip replacement residuals include neurologic symptoms and muscle loss in the left lower extremity. See May 2013 VA hip and thigh examination. 

The appeal period with regard to this issue spans back to December 1998 and the left hip prosthesis has been assigned five different staged ratings; the neurological manifestations have been assigned two staged ratings. The Veteran asserts that these ratings are inaccurate. A retrospective medical opinion is necessary and helpful in cases, such as these, when the evidence of record is insufficient for an adequate determination. See Chotta v. Peake, 22 Vet. App. 80, 85 (2008). Accordingly, the issues of the appropriate ratings for the left hip disability manifestations are remanded for a retrospective medical opinion. 

Lastly, the issue of entitlement to SMC at the housebound rate is inextricably intertwined with the issues being remanded. The issue of entitlement to SMC at the aid and attendance rate must be remanded for additional development. 

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. The AOJ should undertake appropriate development of the issue of entitlement to service connection for an eye disability other than macular degeneration, including the provision of the notice required under 38 U.S.C. § 5103(a) and 38 C.F.R. § 3.159(b).

2. Obtain updated VA treatment records and associate them with the claims file, continue to associate VA treatment records with the claims file until the case is recertified to the Board.

3. Request that the Veteran identify any outstanding private optometry/ophthalmology treatment notes that are not currently of record and attempt to obtain any identified records with his assistance.

4. Once updated records have been obtained and associated with the claims file and appropriate development has been completed, request an expert medical advisory opinion from an appropriate medical specialist regarding the Veteran's eye claim(s). A physical examination of the Veteran is not required unless the provider determines one is necessary.

The medical expert is asked to review the Veteran's claims file. The examiner is requested to identify all eye disabilities present during the appeal period, which began in January 2014 with regard to this claim. For each identified condition, the medical expert is asked to provide an opinion as to whether it is at least as likely as not that:

(a) the condition had its onset in or is otherwise related to military service. 

(b) the condition was caused or aggravated by exposure to welding in service.

The examiner must discuss the rationale for any opinion expressed, whether favorable or unfavorable, based on the findings on examination and information obtained from review of the record. If it is not possible to provide the requested opinion without resort to speculation, the examiner should so indicate. The provider should cite to pertinent medical treatise literature if appropriate. The provider must review and discuss the following:

* The article entitled "Ultra-Violet and Blue Light" from the American Macular Degeneration Foundation website, received by the RO in July 2014. 

* The article entitled "Optical Radiation Hazards of Welding Arcs" by T.D. Tenkate from PubMed, received by the RO in September 2015.

* The opinion of Dr.P. received by the RO in July 2014.
 
* Contentions of the Veteran's attorney, received October 2015 and June 2016. 

5. In regard to the Veteran's left hip disability and related manifestations, the AOJ is asked to request a retrospective medical opinion. The provider must review the claims file and should note that review in the report. An in-person examination is not required unless the provider deems one necessary. The provider is asked to address the following: 

(a) Identify the (i) orthopedic, (ii) neurological, (iii) muscular, and (iv) residual scar manifestations of the Veteran's left hip disability. Attempt to categorize each of the symptoms under one of the above categories. The report should indicate whether any symptom is attributable to more than one category. 

(b) Provide a description of the nature and severity of the Veteran's left hip condition since December 21, 1998. To the extent possible, the examiner is asked to describe the severity, frequency, and duration of all symptomatology associated with the condition during that time period. In doing so, please describe all functional limitations present, (i) after repetition over time, and separation, (ii) during flare-ups.

(c) Provide, to the extent possible, the date on which any change in degree of impairment first occurred.

Please articulate the reasoning underpinning all medical findings. That is, (1) identify what facts and information support your findings, and (2) explain how the facts and information justify your findings. If the information requested in any question cannot be provided, explain why. A report should be prepared and associated with the Veteran's VA claims file.

A complete rationale must be provided for any opinions expressed.

6. Afford the Veteran a VA examination to determine whether he needs the regular aid and attendance of another person as a result of his service-connected disabilities. The claims file must be provided to the examiner and all necessary tests should be conducted. 

The examiner must state whether the Veteran currently is in need of the regular aid and attendance of another person as a result of his service-connected disabilities. The examiner must comment on whether, due to the Veteran's service-connected disabilities, he is able to care for his basic needs, including to dressing and undressing himself; keep himself ordinarily clean and presentable; whether he has a frequent need of adjustment of any special prosthetic or orthopedic appliance; his ability feed himself; his ability to tend to the wants of nature; as well as any other incapacity, physical or mental, which requires care and assistance on a regular basis to protect the claimant from the hazards or dangers incident to his daily environment. 

7. The AOJ should then readjudicate the issues on appeal. If any benefit sought remains denied, then the AOJ should issue an appropriate supplemental statement of the case and provide the Veteran and his representative the requisite time period to respond. The claim should then be returned to the Board for further appellate review, if otherwise in order. 

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
STEVEN D. REISS
 Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of the appeal. 38 C.F.R. § 20.1100(b) (2015).